**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2135-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAMUEL RUA, 3RD, a/k/a
SAMUEL P. RUA III,
SAMUEL RYA,
SAMUEL P. RUA,
SAMUAL RUA and
SAMUEL RUA,

    Defendant-Appellant.

_____

Submitted November 6, 2025 – Decided December 23, 2025

Before Judges Currier and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 16-05-0482.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Lauren P. Haberstroh, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Samuel Rua appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Sohail Mohammed's thorough and well-reasoned written opinion.

I.

On April 26, 2015, Paterson police discovered the body of Nadjhier Barner-Timmons (Timmons) in high weeds near certain railroad tracks in Paterson, an area associated with prostitution and criminal activity. He suffered two stab wounds and other injuries. Police canvassed the neighborhood and interviewed witnesses. Two identified Timmons as a fellow prostitute and placed him near the Trinity Press building on April 25. Based on these statements, police obtained and reviewed surveillance videos from several local businesses and residences. The footage showed Timmons walking with another individual, later identified as defendant, toward the railroad tracks. The surveillance video shows only defendant reemerging minutes later. Additional surveillance showed defendant and Timmons

walking toward the tracks, with defendant returning alone to the area where Timmons' body was later found. Defendant was later seen discarding clothing and entering a liquor store with a bleeding hand. Detectives ultimately identified defendant by his unique attire, distinguishing physical features, and distinct movements. On May 9, 2015, detectives stopped defendant near the crime scene. The detectives observed a knife in defendant's hand. He was also in possession of additional knives, gloves, a metal pipe in a sock, and an unopened condom.

Defendant waived his Miranda[1] rights, admitted to soliciting prostitutes in Paterson, and confirmed his presence on the tracks on the night of April 25. The police also noticed a wound on defendant's hand and asked him about that condition because the suspect in the video surveillance bore a similar injury. Defendant claimed he sustained a work injury weeks earlier.

Defendant was indicted on twelve separate counts. Following a jury trial, defendant was convicted of first-degree knowing or purposeful murder, N.J.S.A. 2C:11-3(a)(1) or (2) (count one); third-degree possession of a weapon (a sharp object) for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count four); fourth-degree unlawful possession of a weapon (a sharp object), N.J.S.A.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2135-23

2C:39-5(d) (count five); third-degree possession of a weapon (a kitchen knife) for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count seven); fourth-degree unlawful possession of a weapon (a kitchen knife), N.J.S.A. 2C:39-5(d) (count eight); third-degree possession of a weapon (a long metal object in a sock) for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count nine); and fourth-degree unlawful possession of a weapon (a long metal object in a sock), N.J.S.A. 2C:39-5(d) (count ten). Defendant was acquitted on counts two and three after a directed verdict and the State moved to dismiss counts six, eleven, and twelve. Defendant was sentenced to an aggregate term of life imprisonment with a sixty-three year and nine-month period of parole ineligibility.

Defendant appealed his convictions and his sentence, challenging certain evidentiary rulings, police statements, the prosecutor's summation, admission of the surveillance videos, and his sentence. In an unpublished decision, we affirmed defendant's conviction and his sentence. State v. Rua, No. A-5070-17 (App. Div. Jan. 11, 2021). The Supreme Court denied certification. State v. Rua, 247 N.J. 145 (2021).

Defendant petitioned for PCR and raised claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and excessive sentence. Defendant argued that trial counsel's performance was deficient

4

based on multiple errors and omissions, and asserted if counsel acted differently, the outcome of the proceedings would have changed. His PCR counsel further asserted the indictment should have been dismissed; defendant was denied a fair trial before an impartial jury; the conviction should be vacated because of prosecutorial misconduct; the trial court imposed an illegal sentence; and cumulative errors rendered the trial unfair. Both defendant and PCR counsel requested an evidentiary hearing.

After oral argument, Judge Mohammed denied defendant's request for a hearing and denied defendant's PCR petition in a comprehensive twenty-two-page opinion. Judge Mohammed detailed each alleged point of error and ultimately concluded trial counsel's representation was not ineffective and defendant failed to establish a prima facie claim for relief entitling him to an evidentiary hearing.

This appeal followed.

On appeal, defendant raises these points for our consideration:

> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM TRIAL COUNSEL, THE PCR JUDGE ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.
>
> (1) IT WAS INEFFECTIVE FOR COUNSEL TO FAIL TO ORDER THE GRAND JURY TRANSCRIPTS PARTICULARLY WHERE A

MOTION TO DISMISS THE INDICTMENT WOULD HAVE BEEN SUCCESSFUL BASED UPON THE AMOUNT OF HEARSAY PRESENTED AS WELL AS THE IMPROPER DISMISSAL OF A GRAND JUROR. THE JUDGE ERRED IN DENYING RELIEF.

(2) IT WAS INEFFECTIVE FOR COUNSEL TO ASK A VOIR DIRE QUESTION AGAINST THE CLIENT'S EXPRESSED OBJECTION, TO FAIL TO OBJECT TO NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT, AND TO FAIL TO ENSURE WITNESS COMPLIANCE. THE JUDGE ERRED IN DENYING RELIEF.

(3) IT WAS INEFFECTIVE FOR COUNSEL TO FAIL TO SUBMIT A SENTENCING MEMORANDUM AND TO ARGUE MITIGATING FACTORS.

(4) AS THE PCR JUDGE FAILED TO RULE UPON THE REMAINING CLAIMS, A REMAND IS IN ORDER.

## II.

On appeal, we "defer to the [PCR] court's factual findings, given its opportunity to hear live witness testimony, and '. . . uphold the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Nash, 212 N.J. 518, 540 (2013)). "However, where the court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial

court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). "When the reviewing court is satisfied that the findings and results meet this criterion, its task is complete, and it should not disturb the result, even [if] it has the feeling it might have reached a different conclusion were it the trial tribunal." State v. Johnson, 42 N.J. 146, 162 (1964).

To succeed on a claim of ineffective assistance of counsel, a defendant must satisfy both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1999), as adopted in New Jersey by State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence. "First, the defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The United States Constitution requires "reasonably effective assistance." Ibid. An attorney's performance will not be deemed deficient if counsel acted "'within the range of competence demanded of attorneys in criminal cases.'" Ibid. (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Therefore, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's

A-2135-23

representation fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with counsel's "exercise of judgment during the trial . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (internal citation omitted).

Under the second prong of the Strickland test, defendant must show "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. This means "counsel's errors were so serious as to deprive the defendant of a

A-2135-23

fair trial, a trial whose result is reliable." Ibid. It is insufficient for defendant to show the errors "had some conceivable effect on the outcome of the proceeding." Id. at 693. Ultimately, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691.

A prima facie case is established when a defendant "allege[s] facts sufficient to demonstrate counsel's substandard performance," meaning that a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Specifically, petitioner must "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Russo, 333 N.J. Super. 119, 138 (App. Div. 2000).

We have considered defendant's arguments in light of the applicable law and conclude they lack sufficient merit to warrant discussion in a written opinion beyond the comments that follow. R. 2:11-3(e)(2).

Defendant's concerns about the grand jury, including the alleged failure to obtain the grand jury minutes and the juror who recused herself from the matter before the case was heard, amount to little more than unsubstantiated assertions. There has been no evidence presented to demonstrate either the

9

feasibility or the likelihood of success had counsel taken additional actions regarding the grand jury minutes or that these instances in any way prejudiced defendant in that they tainted the grand jury presentation. Furthermore, the issues related to the voir dire process, specifically the questioning of potential jurors over defendant's objection, have not been substantiated with sufficient detail nor legal argument to show that such actions prejudiced defendant as is necessary under Strickland/Fritz. Similarly, the claim that counsel did not make diligent efforts to locate witnesses who might have provided exculpatory evidence also lacks evidentiary support and is insufficient to rebut the strong presumption that counsel's actions were reasonable.

In sum, we discern no error in Judge Mohammed's consideration of the issues nor in his decision to deny the petition without an evidentiary hearing. We are satisfied the performance of trial counsel was not deficient and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10

A-2135-23